IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL BOYD MITCHELL, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:18-CV-3119-B (BT) |
| | ) | |
| DIRECTOR, TDCJ-CID | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## MEMORANDUM ORDER AND OPINION

Before the Court are state prisoner and federal habeas petitioner Darrell Boyd Mitchell's (1) "Motion for a Stay and Abeyance" (Doc. 106), (2) "Motion Requesting Magistrate to Issue a Report and Recommendation," (Doc. 107) and (3) "Motion to Object to Final Judgment and to Extend Deadline for Objections to the Magistrate's Report and Recommendation" (Doc. 108). For the reasons set out below, these motions are **denied**.

### Background

On February 29, 2024, the Court issued a memorandum opinion and order (MOO) and accompanying judgment denying Mitchell's application for federal habeas relief under 28 U.S.C. § 2254. Docs. 103, 104. Though the matter was referred to the United States Magistrate Judge for a recommendation, the Court issued its MOO without a recommendation from the magistrate judge. The case was closed at that time, and remains closed.

On March 4, 2024, apparently before receiving a copy of the Court's MOO and judgment, Mitchell filed a motion to stay these proceedings to give him time to obtain relevant legal documents that TDCJ officers allegedly "confiscated" from him during his transfer to another unit. Doc. 106. Then, on March 8, 2024, after learning about the Court's MOO and judgement, but apparently

laboring under a misunderstanding that the United States Magistrate Judge had issued a recommendation that he did not receive, Mitchell filed a motion to compel the United States Magistrate Judge to issue a report and recommendation and to serve it on him in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Doc. 107. That same day, he filed a motion objecting to the final judgment, claiming that he was deprived of a procedural due process right to object to the Magistrate Judge's nonexistent recommendation because he never received a copy of it. Doc. 108. Finally, on March 17, 2024, Mitchell filed a notice of appeal of the Court's denial of his federal habeas application (Doc. 111), and that appeal remains pending.

For the following reasons, the Court will **deny** Mitchell's pending motions.

## Legal Standards and Analysis

"A notice of appeal from an appealable order divests the district court of jurisdiction over aspects of the case on appeal." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 536 (5th Cir. 2024) (citing *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), superseded by statute on other grounds; *Rutherford v. Harris County*, 197 F.3d 173, 190 n.17 (5th Cir. 1999)). "The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal." *Hitchmon*, 602 F.2d at 692. "How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (per curiam). "But it is clear that '[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals.'" *In re Fort Worth Chamber of Commerce*, 100 F.4 th at 536 (citations omitted).

2

Here, because the case is on appeal, the Court no longer has jurisdiction to enter a stay or to direct the Magistrate Judge to issue findings, conclusions, and a recommendation on the merits of Mitchell's petition. Therefore, Mitchell's motions seeking such relief (Docs. 106 and 107) are **denied** for lack of jurisdiction.

As for the motion objecting to the final judgment (Doc. 108), to the extent such motion could be liberally construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of the entry of judgment, the Court retains jurisdiction to consider and deny such motions while the case is on appeal, but "it no longer has jurisdiction to grant such a motion while the appeal is pending." *Perkins v. Livingston*, 2012 WL 13184344 at *2 (E.D. Tex. Oct. 1, 2012) (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)).

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish a manifest error of law or fact or must present newly discovered evidence and cannot be use to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

Mitchell has not established that the Court erred as a matter of fact or law in denying his habeas application. His argument is that he was denied an opportunity to object to the recommendation from the Magistrate Judge and therefore denied procedural due process. But the Magistrate Judge did not issue a recommendation in this case. The undersigned issued a MOO

without a recommendation, so Mitchell was not deprived of any opportunity to object or to be heard. Therefore, to the extent that his motion objecting to the judgment (Doc. 8) could be considered a motion to alter or amend the judgment under Rule 59(e), it is **denied**.

## Conclusion

Mitchell's (1) "Motion for a Stay and Abeyance" (Doc. 106), (2) "Motion Requesting Magistrate to Issue a Report and Recommendation," (Doc. 107), and (3) "Motion to Object to Final Judgment and to Extend Deadline for Objections to the Magistrate's Report and Recommendation" (Doc. 108) are **denied**.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), and for the reasons set out in this order, the Court denies a certificate of appealability as to any of these motions.

It is so ordered this 23rd day of September, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

4